By the Court, Hogeboom, J.
1. The first agreement, I am inclined to think, was valid and obligatory. Though its validity is disputed, I think the course of the defen *322 dants in regard to it, made it operative on them, whether it originally conformed or not in every particular to the requisitions of the statute of frauds. The defendants treated it as valid; never repudiated it upon the ground that it was defective and inoperative of itself, and themselves actually tendered a deed duly executed by them, apparently supplying all the deficiencies, of the auctioner’s certificate. They authorized the sale; they made it; they received the ten per cent; they executed and tendered the deed. I think they were bound by the contract, and ought to have been compelled to perform it.
2. I do not think there was any absolute and intentional refusal to perform on the part of the plaintiff. He designed to take the premises and pay the purchase money; but by reason of conversations had with the defendants’ agents, expected to obtain easier terms of purchase. He offered to comply with those terms. He actually agreed with the committee • of the common council upon the terms, and made an ineffectual offer to comply with the contract as thus modified, and thus evinced his good faith and bona fide intent to complete the purchase. He may have made a mistake as to his legal rights, but I think the foregoing facts, in connection with those hereafter referred to, entitle him to relief upon some terms, unless the situation of the parties has been materially altered.
3. In further accomplishment of his expected purchase, he made considerable repairs and improvements upon the premises ; and he made them in the character of purchaser and not of tenant; and they were of such a nature, as the referee finds, as would have entitled him to a specific performance bnt for his other findings of fact. What then are the inseparable objections (if any) to giving the plaintiff equitable relief %
4. The first of these is said to be, that the defendants by resolution declared the contract terminated. This *323 is not decisive. TMs was their own act, and was not done in the presence of the plaintiff, nor ever communicated to him. The tender of the deed and the demand of performance by the defendants, was some time before the expiration of the tliirty days ; and I tMnk the plaintiff had the full thirty days witliin which to complete performance on Ms part. True, he did not do it according to the terms of the original contract, but he did it (manifesting his good faith) according to the terms of the modified arrangement, wliich he had made with the committee of the common council, and which lie supposed to be valid. True, the offer on his part was refused, but not because he had not made an effective purchase, nor because the defendants claimed they had terminated the contract, for they never gave Mm notice that they intended to take any such ground. I think there are equitable reasons why the plaintiff should have the property, arising out of his purchase of it—Ms evident tona fide attempt to obtain it—Ms improvements put upon it as purchaser—the loss to which he will inevitably be subjected if the purchase is not completed— and the failure of the defendants to show that they have embarrassed themselves in the execution of tMs contract by any new relations contracted with other parties.
5. The remaining reason alleged by the referee for debarring the plaintiff from relief, is, that he had not offered or tendered performance of the contract, in his complaint, and does not allege, in Ms complaint, a readiness or willingness to perform the same.
The complaint was, upon that subject, all that is necessary to entitle the plaintiff to relief. It seeks, in the first place, a performance of the modified agreement, but adds, that if it be adjudged that the modification was unauthorized and invalid, then that the defendants be adjudged to convey the premises upon payment of the residue of the purchase money, with interest, on such terms and conditions as shall be just. This is, *324 in effect, an expression of a readiness and willingness to perform the contract, and although there has been no tender of strict performance, that is not a bar to relief, but may appropriately affect the conditions on which relief may be given.
[Albany General Term,
March 7, 1870.
Hogeboom, Peckham and Miller, Justices.]
All the facts being before the court, it would seem unnecessary to send the case back for re-trial, and the appropriate judgment would seem to me to be to reverse the judgment of the referee, without costs of appeal to either party, and to order specific performance of the contract, in favor of the plaintiff, on his payment of the balance of the purchase money, with interest, within thirty days after service of a copy of this order, and also of the costs of the action, up to and including the referee’s report, within thirty days after the same are duly taxed and adjusted, on notice.
Or, if it shall be deemed necessary or advisable to award a new trial, that the judgment be reversed and a new trial granted, without costs of appeal to either party, as against the other.
New trial granted.